UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-60727-CIV-DIMITROULEAS

CESAR DANTE MARTINEZ,

    Plaintiff,

v.

WORLDWIDE TRANSPORTATION
SERVICES, INC., d/b/a WORLDWIDE
TRANSPORTATION, ALI A. MALEK,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, Worldwide Transportation Services, Inc. ("**Worldwide**") and Ali A. Malek ("**Malek**"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the Complaint filed by Plaintiff, Cesar Dante Martinez, [ECF No. 1], for failure to state a cause of action, as follows:

### I. SUMMARY OF THE ARGUMENT

Plaintiff's three-page Complaint offers virtually no factual allegations and is insufficient to state a claim under the Fair Labor Standards Act ("**FLSA**"). Plaintiff is required to state sufficient facts, and not mere conclusions, showing that there is enterprise coverage or individual coverage under the FLSA. Yet with regard to FLSA coverage, Plaintiff mere alleges that (a) Worldwide is "engaged in commerce in the field of limousine operations" with "annual gross sales and/or business volume of $500,000 or more," [ECF No. 1 ¶ 3]; and (b) Plaintiff is a "limousine driver," [*Id.* at ¶ 5]. There are no allegations showing how Plaintiff's work or Worldwide's business is connected to interstate commerce. Plaintiff's allegations fall far short

of what is required. Accordingly, for the reasons set forth below, Defendant requests that the Court dismiss Plaintiff's Complaint.

## II.   PLAINTIFF'S COMPLAINT

Plaintiff raises one cause of action for "Violation of Fair Labor Standards Act". [ECF No. 1 at 3]. Plaintiff alleges that he was an "employee" under the FLSA. [ECF No. 1 ¶ 2]. Plaintiff then alleges that Worldwide was an "employer" under FLSA that "engaged in commerce in the field of limousine operations," "engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more." [*Id.* at ¶ 3]. There are no other allegations regarding FLSA coverage. Plaintiff further alleges that Malek is the "managing agent, director and/or owner" of Worldwide, "effectively dominates" Worldwide and "has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others." [*Id.* at ¶ 4]. Based on these facts, Plaintiff claims that Malek is an "employer" under the FLSA. [*Id.*].

Plaintiff then alleges that "[i]n justifiable reliance upon Defendants' representations and promises"—none of which are specifically alleged—"Plaintiff . . . accepted employment and began working for Defendants as a limousine driver." [*Id.* at ¶ 5]. Plaintiff then claims that Defendants owe him unpaid overtime, "shorted" and "deducted" money from his pay, and "refused to pay Plaintiff his wages." [*Id.* at ¶¶ 6–8, 10]. Per the statement of claim attached as an exhibit to the Complaint, Plaintiff claims to have worked an astonishing 85 to 100 hours per week. [ECF No. 1–2].

### III.  ARGUMENT

#### A.  Standard for a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

#### B.  Plaintiff's Complaint Fails to Set Forth State a Cause of Action under the FLSA Because Plaintiff Provides No Factual Allegations Regarding FLSA Coverage.

To be entitled to recovery under the FLSA, an employee must show that he is "covered" by the FLSA. *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012). FLSA coverage is shown in one of two ways:

> First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually.

*Id.* at 1376–77.

In *Ceant*, this Court held that the plaintiff—a driver for a limousine service—failed to allege either individual or enterprise coverage because he had no allegations regarding his work or the defendant's business. As stated by the Court:

> The primary problem is that the Complaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services Aventura Limousine provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required. In amending, Ceant shall set forth the nature of Aventura Limousine's business and precisely what he did in the course of his employment, taking care to explain how Aventura Limousine's business, and his work for the company, connects to interstate commerce.

*Id.* at 1377 (internal citations omitted); *see also Sobinski v. Learning Connections of Pensacola LLC*, No. 3:14-CV-00345-RS-CJK, 2014 WL 5092268, at *3 (N.D. Fla. Oct. 9, 2014) (dismissing FLSA claims, stating: "the complaint must plead the nature of the business and precisely what [plaintiff] did in the course of her employment, taking care to explain how the business, and her work for the company, connects to interstate commerce."); *Crowley v. Osprey Exhibits & Graphics, Inc.*, No. 8:14-CV-1796-T-30TBM, 2014 WL 4059894, at *1 (M.D. Fla. Aug. 14, 2014) (same, stating: "The majority of [plaintiff's] allegations are conclusory and lack the factual basis to support the allegations of enterprise or individual coverage. For example, [plaintiff] does not allege the nature of [defendant's] business. [Plaintiff] also does not allege the nature of her work. This is insufficient to state an FLSA claim under Rule 12(b) (6)."); *Mullins v. Posh Potties, LLC*, No. 13-80834-CIV, 2013 WL 5728105, at *3 (S.D. Fla. Oct. 22, 2013) (same, stating that "Plaintiff does not buttress this legal conclusion with any facts whatsoever, such as any reference to the nature of his work beyond his job title of 'Driver,' and "Plaintiff has failed

to allege a single fact regarding the nature of Defendants' business to support his legal conclusion that enterprise coverage applies."); *Sciacca v. Vectorworks Marine, LLC*, No. 6:12-CV-1255-ORL-28, 2013 WL 656325, at *3 (M.D. Fla. Feb. 1, 2013) (same, stating: "Here, Plaintiff has failed to plead the nature of [Defendant's] business and the nature of what his position as a 'boat outfitter' consists of.") *report and recommendation adopted*, 6:12-CV-1255-ORL-28, 2013 WL 655402 (M.D. Fla. 2013).

In this case, Plaintiff similarly fails to plead sufficient facts as to the nature of Worldwide's business or the specific details of his work in that business. He merely alleges that Worldwide is "engaged in commerce in the field of limousine operations" with "annual gross sales and/or business volume of $500,000 or more," [ECF No. 1 ¶ 3]; and Plaintiff is a "limousine driver." [*Id.* at ¶ 5]. These factual allegations are woefully insufficient. There are no allegations showing how Plaintiff or Worldwide participate in interstate commerce. In order to avoid dismissal, Plaintiff must "set forth the nature of [Worldwide's] business and precisely what he did in the course of his employment, taking care to explain how [Worldwide's] business, and his work for the company, connects to interstate commerce." *See Ceant*, 874 F. Supp. 2d at 1377. Plaintiff's mere "labels and conclusions," and "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, are insufficient to state a cause of action. For these reasons, the Court should dismiss Plaintiff's Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Defendants, Worldwide Transportation Services, Inc. and Ali A. Malek, request that the Court dismiss the Complaint filed by Plaintiff, Cesar Dante Martinez, [ECF No. 1], for failure to state a cause of action; and award any and all further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Attorneys for Defendants*
Miami Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428


By: /s/ Jorge R. Delgado
    Michael T. Landen, Esq.
    Fla. Bar No. 161144
    mlanden@klugerkaplan.com
    Jorge R. Delgado, Esq.
    Fla Bar No. 048114
    jdelgado@klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

**Elliot Ari Kozolchyk**
320 S.E. 9th street
Fort Lauderdale, FL 33316
786-924-9929
Fax: 786-358-6071
Email: ekoz@kozlawfirm.com

By: /s/ Jorge R. Delgado
**JORGE R. DELGADO**